FILED
CLERK, U.S. DISTRICT COURT
6/8/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_JB\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:21-cr-00272-JFW |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JONATHAN LEE SMITH, | |
| Defendant. | |

The Acting United States Attorney charges:

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information

1.  Defendant JONATHAN LEE SMITH was a resident of Los Angeles, California.

2.  Defendant SMITH was the chief executive officer and majority owner of Hoplite Entertainment, Inc. ("Hoplite Entertainment"), a California Corporation based in Los Angeles, California. Hoplite Entertainment was a television production company specializing in unscripted programs.

3.  Defendant SMITH was the chief executive officer and sole owner of Hoplite, Inc. ("Hoplite"), a California Corporation also

based in Los Angeles, California.  Hoplite was a television production company originally intended to specialize in scripted programs but which instead specialized in programs with unscripted content.

4.  Defendant SMITH had sole signatory authority over a checking account held at was the sole signer Wells Fargo Bank, N.A., business checking in the name of "Hoplite Entertainment, LLC," which was opened in West Hollywood, California (the "Hoplite Entertainment Account").

5.  The "victim lender" was a privately held investment fund that offered short-term loans, often called "bridge loans," to small- and medium-sized businesses.

B.  SCHEME TO DEFRAUD

6.  Beginning no later than on or about August 24, 2020, and continuing to at least January 22, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SMITH, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the victim lender as to material matters, and to obtain money and property from the victim lender by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

7.  The scheme to defraud operated, in substance, as follows:

a.  Defendant SMITH sought a bridge loan from the victim lender on behalf of Hoplite and Hoplite Entertainment (together the "Hoplite Entities"), which bridge loan defendant SMITH represented would be used to cover short-term expenses while the Hoplite Entities awaited payment on accounts receivable.

    b. To induce the victim lender to make the bridge loan by, among other things, convincing the victim lender of the Hoplite Entities' ability to repay the bridge loan based on their purported accounts receivable, defendant SMITH made material false statements and representations, including the following:

      i. Defendant SMITH provided the victim lender with purported license agreements by which third parties acquired distribution rights for content produced by the Hoplite Entities. The purported license agreements obligated the third parties to pay approximately $3,348,000 to the Hoplite Entities. In truth, as defendant SMITH then knew, these license agreements were fabrications, and the true and authentic agreements between the Hoplite Entities and the third parties required total payments in a far lower amount, resulting in accounts receivable in a similarly lower amount.

      ii. Defendant SMITH provided the victim lender with purported agreements with secured creditors to whom the Hoplite Entities owed money in which the creditors purportedly subordinated their interests to the interest of the victim lender, thereby requiring that the Hoplite Entities repay the victim lender before the secured creditors. In truth, as defendant SMITH then knew, these agreements were fabrications, and the secured creditors had not agreed to subordinate their interests to that of the victim lender.

    c. Defendant SMITH directed the victim lender to transfer the proceeds of the bridge loan into the Hoplite Entertainment Account by means of interstate wire.

    d. After failing to make the required payments on the bridge loan, defendant SMITH induced the victim lender to provide

additional time to repay the fraudulently obtained loan and prevented detection of his scheme to defraud by sending representatives of the victim lender a document falsely showing that a payment was imminent, namely, a purported email chain including a fabricated record of a wire transfer of $100,000 from Hoplite, Inc., to the victim lender.

8. As a result of the scheme to defraud, defendant SMITH caused the victim lender to lose approximately $2 million.

C. USE OF INTERSTATE WIRES

9. On or about September 30, 2020, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant SMITH transmitted and caused the transmission of an item by means of wire communication in interstate commerce, namely, the transfer of approximately $1,951,416.80 from a bank account in Atlanta, Georgia, to the Hoplite Entertainment Account.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

10.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant JONATHAN LEE SMITH's conviction of the offense set forth in the sole count of this Information.

11.   Defendant SMITH, if so convicted, shall forfeit to the United States of America the following:

   a.   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

   b.   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

12.   Pursuant to Title 18, United States Code, Section 981(a)(1)(c), as incorporated by Title 28, United States Code, Section 2461(c), if so convicted, defendant SMITH shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of defendant SMITH, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

//

value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
Acting United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

POONAM G. KUMAR
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Major Frauds Section