1  TRACY L. WILKISON
   Acting United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
4  Assistant United States Attorney
   Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-1259
7       Facsimile: (213) 894-0141
        E-mail:   alexander.schwab@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

6/8/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:_____JB_____ DEPUTY

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,      No. CR   2:21-cr-00272-JFW

13          Plaintiff,             PLEA AGREEMENT FOR DEFENDANT
                                   JONATHAN LEE SMITH
14              v.

15  JONATHAN LEE SMITH,

16          Defendant.

17

18      1.   This constitutes the plea agreement between JONATHAN LEE

19  SMITH ("defendant") and the United States Attorney's Office for the

20  Central District of California (the "USAO") in the investigation of

21  defendant's fraudulent acquisition of a $2 million bridge loan based

22  on material misrepresentations made to the victim lender.  This

23  agreement is limited to the USAO and cannot bind any other federal,

24  state, local, or foreign prosecuting, enforcement, administrative, or

25  regulatory authority.

26                    DEFENDANT'S OBLIGATIONS

27      2.   Defendant agrees to:

28

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with wire fraud, in violation of 18 U.S.C. § 1343.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   At or before the time of sentencing, satisfy any and all restitution/fine obligations based on ability to pay by delivering a certified check or money order to the Fiscal Clerk of the Court, to be held until the date of sentencing and, thereafter, applied to satisfy defendant's restitution/fine balance.  Payments may be made to the Clerk, United States District Court, Fiscal

2

1  Department, 255 East Temple Street, 11th Floor, Los Angeles,
2  California 90012.

3              i.    Ability to pay shall be assessed based on the
4  Financial Disclosure Statement, referenced below, and all other
5  relevant information relating to ability to pay.

6              j.    Defendant agrees that any and all restitution/fine
7  obligations ordered by the Court will be due in full and immediately.
8  The government is not precluded from pursuing, in excess of any
9  payment schedule set by the Court, any and all available remedies by
10 which to satisfy defendant's payment of the full financial
11 obligation, including referral to the Treasury Offset Program.

12             k.    Complete the Financial Disclosure Statement on a form
13 provided by the USAO and, within 30 days of defendant's entry of a
14 guilty plea, deliver the signed and dated statement, along with all
15 of the documents requested therein, to the USAO by either email at
16 usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
17 Litigation Section at 300 N. Los Angeles St., Suite 7516, Los
18 Angeles, CA 90012.

19             l.    Authorize the USAO to obtain a credit report upon
20 returning a signed copy of this plea agreement.

21             m.    Agree that all court appearances, including his change
22 of plea hearing and sentencing hearing, may proceed by video-
23 teleconference ("VTC") or telephone, if VTC is not reasonably
24 available, so long as such appearances are authorized by Order of the
25 Chief Judge 20-097 or another order, rule, or statute.  Defendant
26 understands that, under the Constitution, the United States Code, the
27 Federal Rules of Criminal Procedure (including Rules 11, 32, and 43),
28 he may have the right to be physically present at these hearings.

Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

      i.    Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with his initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

      ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his waiver of indictment, under Federal Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not reasonably available.

      iii.  Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

      iv.   Defendant consents under Section 15002(b) of the CARES Act to proceed with his sentencing hearing by VTC or telephone, if VTC is not reasonably available.

      v.    Defendant consents under 18 U.S.C. § 3148 and Section 15002(b) of the CARES Act to proceed with any hearing regarding alleged violations of the conditions of pretrial release by VTC or telephone, if VTC is not reasonably available.

<u>THE USAO'S OBLIGATIONS</u>

3.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to USSG § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 20 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in USSG Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in the sole count of the information, that is, wire fraud, in violation of 18 U.S.C. § 1343, the following must be true: (1) defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts (deceitful statements of half-truths may constitute false or fraudulent representations); (2) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and (4) defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

5

1

PENALTIES AND RESTITUTION

2        5.   Defendant understands that the statutory maximum sentence

3   that the Court can impose for a violation of 18 U.S.C. § 1343, is:

4   twenty years of imprisonment; a three-year period of supervised

5   release; a fine of $250,000 or twice the gross gain or gross loss

6   resulting from the offense, whichever is greater; and a mandatory

7   special assessment of $100.

8        6.   Defendant understands that defendant will be required to

9   pay full restitution to the victim of the offense to which defendant

10  is pleading guilty.  Defendant agrees that, in return for the USAO's

11  compliance with its obligations under this agreement, the Court may

12  order restitution to persons other than the victim of the offense to

13  which defendant is pleading guilty and in amounts greater than those

14  alleged in the count to which defendant is pleading guilty.  In

15  particular, defendant agrees that the Court may order restitution to

16  any victim of any of the following for any losses suffered by that

17  victim as a result: (a) any relevant conduct, as defined in USSG

18  § 1B1.3, in connection with the offense to which defendant is

19  pleading guilty; and (b) any charges not prosecuted pursuant to this

20  agreement as well as all relevant conduct, as defined in USSG

21  § 1B1.3, in connection with those charges.  The parties currently

22  believe that the applicable amount of restitution is approximately $2

23  million, but recognize and agree that this amount could change based

24  on facts that come to the attention of the parties prior to

25  sentencing.

26       7.   Defendant understands that supervised release is a period

27  of time following imprisonment during which defendant will be subject

28  to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty

in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 12 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning on an unknown date, but no later than on or about
August 24, 2020, and continuing to at least January 22, 2021, in Los
Angeles County, within the Central District of California, and
elsewhere, defendant, knowingly and with the intent to defraud,
devised, participated in, and executed a scheme to defraud victims as
to material matters, and to obtain money and property by means of
material false and fraudulent pretenses, representations, promises,
and the concealment of material facts.

During the timeframe of the scheme to defraud, defendant, a
resident of Los Angeles, was the chief executive officer and sole
owner of Hoplite, Inc. ("Hoplite"), and the chief executive officer

8

1   and principal owner of Hoplite Entertainment, Inc. ("Hoplite
2   Entertainment").  Hoplite and Hoplite Entertainment (together, the
3   "Hoplite Entities") were both production companies and California
4   corporations based in Los Angeles.  Defendant had control of various
5   business bank accounts, including a Wells Fargo account in the name
6   of "Hoplite Entertainment, LLC" ending -5559 (the "Hoplite
7   Entertainment Account").

8        On behalf of Hoplite and Hoplite Entertainment, defendant sought
9   a $2 million loan from the victim lender, a privately held investment
10   fund that offered short-term loans to small- and medium-sized
11   businesses like the Hoplite Entities.  To obtain the loan, defendant
12   knowingly made various misrepresentations and provided fabricated
13   documents to the victim lender, including several false license
14   agreements with distributors that made it falsely appear that the
15   Hoplite Entities had collective accounts receivable of $3,348,000
16   when, in fact, they did not.  He also provided the victim lender with
17   several false standby agreements with secured creditors to whom
18   Hoplite and Hoplite Entertainment owed money that purported to show
19   that the secured creditors had agreed to subordinate their interests
20   to the interest of the victim lender when, in fact, the creditors had
21   not so agreed.  Based on these and other misrepresentations, the
22   victim lender agreed to the loan and, on September 30, 2020,
23   transferred $1,951,416.80 to the Hoplite Entertainment Account by
24   means of interstate wire transfer.

25        When defendant failed to repay the victim lender according to
26   the terms of his agreement, he sought additional time from the victim
27   lender to repay the loan.  To that end, on November 17, 2020,
28   defendant knowingly sent an email to representatives of the victim

lender that contained fabricated correspondence from a representative of one of a distributor of Hoplite Entertainment's content and a false record of an automated clearing house (ACH) transfer of $1,488,000.

As a result of defendant's scheme to defraud, he caused at least $2 million in losses to the victim lender.

<u>SENTENCING FACTORS</u>

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 7 | [USSG § 2B1.1(a)(1)] |
| Loss > $1.5 million | +16 | [USSG § 2B1.1(b)(1)(I)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).  By way of example, but not limitation, the parties agree that, because the justice system is facing an unprecedented crisis through the backlog of cases, defendant is entitled to a two-level variance as recognition of defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's General Order allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving substantial appellate rights.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.   Defendant understands that by pleading guilty, defendant gives up the following rights:

　　　　　a.   The right to persist in a plea of not guilty.

　　　　　b.   The right to a speedy and public trial by jury.

　　　　　c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

　　　　　d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1          e.    The right to confront and cross-examine witnesses

2     against defendant.

3          f.    The right to testify and to present evidence in

4     opposition to the charges, including the right to compel the

5     attendance of witnesses to testify.

6          g.    The right not to be compelled to testify, and, if

7     defendant chose not to testify or present evidence, to have that

8     choice not be used against defendant.

9          h.    Any and all rights to pursue any affirmative defenses,

10    Fourth Amendment or Fifth Amendment claims, and other pretrial

11    motions that have been filed or could be filed.

12                    WAIVER OF APPEAL OF CONVICTION

13         16.   Defendant understands that, with the exception of an appeal

14    based on a claim that defendant's guilty plea was involuntary, by

15    pleading guilty defendant is waiving and giving up any right to

16    appeal defendant's conviction on the offense to which defendant is

17    pleading guilty.  Defendant understands that this waiver includes,

18    but is not limited to, arguments that the statute to which defendant

19    is pleading guilty is unconstitutional, and any and all claims that

20    the statement of facts provided herein is insufficient to support

21    defendant's plea of guilty.

22              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23         17.   Defendant agrees that, provided the Court imposes a term of

24    imprisonment on the count of conviction of no more than 41 months,

25    defendant gives up the right to appeal all of the following: (a) the

26    procedures and calculations used to determine and impose any portion

27    of the sentence; (b) the term of imprisonment imposed by the Court,

28    provided it is within the statutory maximum; (c) the fine imposed by

12

the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 33 months' imprisonment, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

13

1
## RESULT OF WITHDRAWAL OF GUILTY PLEA

2      20.  Defendant agrees that if, after entering a guilty plea

3  pursuant to this agreement, defendant seeks to withdraw and succeeds

4  in withdrawing defendant's guilty plea on any basis other than a

5  claim and finding that entry into this plea agreement was

6  involuntary, then (a) the USAO will be relieved of all of its

7  obligations under this agreement; and (b) should the USAO choose to

8  pursue any charge that was either dismissed or not filed as a result

9  of this agreement, then (i) any applicable statute of limitations

10  will be tolled between the date of defendant's signing of this

11  agreement and the filing commencing any such action; and

12  (ii) defendant waives and gives up all defenses based on the statute

13  of limitations, any claim of pre-indictment delay, or any speedy

14  trial claim with respect to any such action, except to the extent

15  that such defenses existed as of the date of defendant's signing this

16  agreement.

17
## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

18      21.  Defendant agrees that if the count of conviction is

19  vacated, reversed, or set aside, both the USAO and defendant will be

20  released from all their obligations under this agreement

21
## EFFECTIVE DATE OF AGREEMENT

22      22.  This agreement is effective upon signature and execution of

23  all required certifications by defendant, defendant's counsel, and an

24  Assistant United States Attorney.

25
## BREACH OF AGREEMENT

26      23.  Defendant agrees that if defendant, at any time after the

27  effective date of this agreement, knowingly violates or fails to

28  perform any of defendant's obligations under this agreement ("a

breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under

15

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

25.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

28.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

29.   The parties agree that this agreement will be considered

//

//

part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____          June 3, 2021
ALEXANDER B. SCHWAB                         Date
Assistant United States Attorney

_____          6-3-2021
JONATHAN LEE SMITH                          Date
Defendant

_____          _____
ANTHONY PACHECO                             Date
Attorney for Defendant
JONATHAN LEE SMITH

CERTIFICATION OF DEFENDANT

     I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in

18

1  part of the record of defendant's guilty plea hearing as if the

2  entire agreement had been read into the record of the proceeding.

3  AGREED AND ACCEPTED

4  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
5  CALIFORNIA

6  TRACY L. WILKISON
   Acting United States Attorney

7

8  _____          _____
   ALEXANDER B. SCHWAB                        Date
9  Assistant United States Attorney

10

11 _____          _____
   JONATHAN LEE SMITH                         Date
12 Defendant

13 _____          6/3/21
   ANTHONY PACHECO                            Date
14 Attorney for Defendant
   JONATHAN LEE SMITH

15

16                   CERTIFICATION OF DEFENDANT

17      I have read this agreement in its entirety.  I have had enough

18 time to review and consider this agreement, and I have carefully and

19 thoroughly discussed every part of it with my attorney.  I understand

20 the terms of this agreement, and I voluntarily agree to those terms.

21 I have discussed the evidence with my attorney, and my attorney has

22 advised me of my rights, of possible pretrial motions that might be

23 filed, of possible defenses that might be asserted either prior to or

24 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25 of relevant Sentencing Guidelines provisions, and of the consequences

26 of entering into this agreement.  No promises, inducements, or

27 representations of any kind have been made to me other than those

28 contained in this agreement.  No one has threatened or forced me in

                                  18

any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____        6-3-2021
                                                _____
JONATHAN LEE SMITH                              Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

    I am JONATHAN LEE SMITH's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is informed and voluntary; and the factual basis set forth
in this agreement is sufficient to support my client's entry of a
guilty plea pursuant to this agreement.


_____        _____
ANTHONY PACHECO                                 Date
Attorney for Defendant
JONATHAN LEE SMITH

any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge and wish to take advantage
of the promises set forth in this agreement, and not for any other
reason.

_____          _____
JONATHAN LEE SMITH                        Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JONATHAN LEE SMITH's attorney.  I have carefully and
thoroughly discussed every part of this agreement with my client.
Further, I have fully advised my client of his rights, of possible
pretrial motions that might be filed, of possible defenses that might
be asserted either prior to or at trial, of the sentencing factors
set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is informed and voluntary; and the factual basis set forth
in this agreement is sufficient to support my client's entry of a
guilty plea pursuant to this agreement.

_____          _____
ANTHONY PACHECO                           Date   6/3/21
Attorney for Defendant
JONATHAN LEE SMITH

19

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. |
|       Plaintiff, | I N F O R M A T I O N |
|       v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| JONATHAN LEE SMITH, | |
|       Defendant. | |

The Acting United States Attorney charges:

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information

1.   Defendant JONATHAN LEE SMITH was a resident of Los Angeles, California.

2.   Defendant SMITH was the chief executive officer and majority owner of Hoplite Entertainment, Inc. ("Hoplite Entertainment"), a California Corporation based in Los Angeles, California.  Hoplite Entertainment was a television production company specializing in unscripted programs.

3.   Defendant SMITH was the chief executive officer and sole owner of Hoplite, Inc. ("Hoplite"), a California Corporation also

based in Los Angeles, California.  Hoplite was a television production company originally intended to specialize in scripted programs but which instead specialized in programs with unscripted content.

4.   Defendant SMITH had sole signatory authority over a checking account held at was the sole signer Wells Fargo Bank, N.A., business checking in the name of "Hoplite Entertainment, LLC," which was opened in West Hollywood, California (the "Hoplite Entertainment Account").

5.   The "victim lender" was a privately held investment fund that offered short-term loans, often called "bridge loans," to small- and medium-sized businesses.

B.   SCHEME TO DEFRAUD

6.   Beginning no later than on or about August 24, 2020, and continuing to at least January 22, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant SMITH, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the victim lender as to material matters, and to obtain money and property from the victim lender by means of material false and fraudulent pretenses, representations, promises, and the concealment of material facts.

7.   The scheme to defraud operated, in substance, as follows:

a.   Defendant SMITH sought a bridge loan from the victim lender on behalf of Hoplite and Hoplite Entertainment (together the "Hoplite Entities"), which bridge loan defendant SMITH represented would be used to cover short-term expenses while the Hoplite Entities awaited payment on accounts receivable.

b.   To induce the victim lender to make the bridge loan by, among other things, convincing the victim lender of the Hoplite Entities' ability to repay the bridge loan based on their purported accounts receivable, defendant SMITH made material false statements and representations, including the following:

i.   Defendant SMITH provided the victim lender with purported license agreements by which third parties acquired distribution rights for content produced by the Hoplite Entities. The purported license agreements obligated the third parties to pay approximately $3,348,000 to the Hoplite Entities.  In truth, as defendant SMITH then knew, these license agreements were fabrications and the true and authentic agreements between the Hoplite Entities and the third parties required total payments in a far lower amount, resulting in accounts receivable in a similarly lower amount.

ii.   Defendant SMITH provided the victim lender with purported agreements with secured creditors to whom the Hoplite Entities owed money in which the creditors purportedly subordinated their interests to the interest of the victim lender, thereby requiring that the Hoplite Entities repay the victim lender before the secured creditors.  In truth, as defendant SMITH then knew, these agreements were fabrications, and the secured creditors had not agreed to subordinate their interests to that of the victim lender.

c.   Defendant SMITH directed the victim lender to transfer the proceeds of the bridge loan into the Hoplite Entertainment Account by means of interstate wire.

d.   After failing to make the required payments on the bridge loan, defendant SMITH induced the victim lender to provide additional time to repay the fraudulently obtained loan and prevented

3

detection of his scheme to defraud by sending representatives of the victim lender a document falsely showing that a payment was imminent, namely, a purported email chain including a fabricated record of a wire transfer of $100,000 from Hoplite, Inc., to the victim lender.

8. As a result of the scheme to defraud, defendant SMITH caused the victim lender to lose approximately $2 million.

C. <u>USE OF INTERSTATE WIRES</u>

9. On or about September 30, 2020, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant SMITH transmitted and caused the transmission of an item by means of wire communication in interstate commerce, namely, the transfer of approximately $1,951,416.80 from a bank account in Atlanta, Georgia, to the Hoplite Entertainment Account.

1         FORFEITURE ALLEGATION

2       [18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c)]

3       10.   Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 981(a)(1)(C) and Title 28, United States

7  Code, Section 2461(c), in the event of defendant JONATHAN LEE SMITH's

8  conviction of the offense set forth in Count One of this Information.

9       11.   Defendant SMITH, if so convicted, shall forfeit to the

10  United States of America the following:

11           a.   All right, title, and interest in any and all

12  property, real or personal, constituting, or derived from, any

13  proceeds traceable to the offense; and

14           b.   To the extent such property is not available for

15  forfeiture, a sum of money equal to the total value of the property

16  described in subparagraph (a).

17      12.   Pursuant to Title 18, United States Code, Section

18  981(a)(1)(c), as incorporated by Title 28, United States Code,

19  Section 2461(c), if so convicted, defendant SMITH shall forfeit

20  substitute property, up to the total value of the property described

21  in the preceding paragraph if, as the result of any act or omission

22  of defendant SMITH, the property described in the preceding

23  paragraph, or any portion thereof: (a) cannot be located upon the

24  exercise of due diligence; (b) has been transferred, sold to or

25  deposited with a third party; (c) has been placed beyond the

26  jurisdiction of the Court; (d) has been substantially diminished in

27  //

28  //

                              5

1  value; or (e) has been commingled with other property that cannot be

2  divided without difficulty.

TRACY L. WILKISON
Acting United States Attorney


BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

POONAM G. KUMAR
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Major Frauds Section